## HIGGS v. LOUISA COUNTY.

PAROL CONTRACT FOR SALE OF LAND: EVIDENCE TO ESTABLISH CONSIDERED.

*Appeal from Louisa Circuit Court.*

SATURDAY, DECEMBER 8.

THIS is an action in equity to enforce the specific performance of an alleged contract of the defendant for the sale to plaintiff of forty acres of land. The court granted the plaintiff the relief prayed. The defendant appeals.

*Hurley & Hale*, for appellant.

*Sprague & Springer*, for appellee.

DAY, J.—On the 11th day of April, 1879, the board of supervisors of Louisa county passed an order as follows: "It is hereby ordered that Cyril Carpenter, a member of this board, is authorized to sell the southeast quarter of northwest quarter of section 11, township 76 north, range 5, containing forty acres, on such terms as he may deem best, and report to this board his doings in the matter thereafter." The plaintiff claims he purchased said land from Carpenter, pursuant to this authority conferred upon him to sell the same, in April, 1879, agreeing to pay therefor $200, with ten per cent interest for a year. No writings were executed at the time of the alleged purchase, nor was any part of the consideration price paid. Carpenter made no report of his doings to the board until October 18, 1881, at which time he was not a member of the board, when he reported that he sold the land to John W. Higgs, and put him in possession, under an agreement to pay $200, with ten per cent interest until he obtained a deed. The evidence does not, to our minds, satisfactorily establish the fact that the purchase was made as alleged. It is true, Carpenter testifies that he made a contract with Higgs, in April, 1879, to sell him the land, and Higgs testifies he bought the land of the board at the April session, 1879, and that Carpenter did all the talking with him; yet other testimony in the case shows that as late as April, 1881, Carpenter wrote a letter to Parsons, the chairman of the board, in which he said: "The land will bring five or six dollars per acre if title can be made,"

and made no allusion to the fact that he had sold the land to Higgs. The evidence further shows that about the 20th day of October, 1881, the following conversation occurred between the plaintiff and one Graves: "Mr. Higgs said to me, you ought to buy that forty acres north; I said I thought he had bought it; and he said he was contracting with Stewart, of Davenport, for the forty. He was talking of the forty acres in controversy." Besides, as the contract, if any was made, was in parol, and no part of the purchase price had been paid, the contract cannot be enforced, unless possession of the land was taken under the contract. The plaintiff insists that he took such possession, but the evidence clearly shows that whatever possession he had was taken, not under the contract, but before the contract was made, and that he did not make any improvements, nor in any manner change his situation in respect to the land, nor his possession of it, after the alleged contract was entered into. We feel constrained to hold that the evidence does not establish the contract as alleged.

REVERSED.